UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Junior Hines, # 240466, | C/A No. 6:12-1834-GRA-KFM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Chad Robinson; | **(Partial Summary Dismissal)** |
| Adetoro Sobowale; | |
| Amy Enloe; | |
| Kirkland Jane Doe Medical; | |
| Steven M. Pruitt; | |
| Terri Comp; | |
| Dave Tatarsky; | |
| Michael Laubshire; | |
| Robert Ward; | |
| Warden Michael McCall; | |
| Timothy P. Close, M.D.; | |
| W. J. Bayard, M. D., and | |
| John Doe, Kirkland Medical Inst. , | |
| Defendants. | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Willie Junior Hines ("Plaintiff"), an inmate at Perry Correctional Institution (part of the South Carolina Department of Corrections ("SCDC") prison system), alleges

that he was subjected to medical indifference in connection with the extended treatment he received for a fractured wrist that was originally diagnosed as sprained. The injury took place on April 8, 2010, during an exercise class, but, according to Plaintiff, no incident report was prepared, and all SCDC employees who looked at his wrist told him that it was just sprained and to "walk it off." (ECF No. 1, Compl. 3). Plaintiff alleges that he continued in pain for two days after the injury occurred, but was ultimately seen in at Perry's medical station on April 10, where he was told to take some Tylenol and keep the wrist stable and was sent back to his living space. He alleges that pain continued throughout the night and next day and the medicine did not help. According to Plaintiff, he returned to the Perry medical station two days later, but was still denied an x-ray and was told that he had a sprained wrist. *Id*. Records attached to the Complaint show that he was sent to an outside orthopedic group (Defendants Drs. Close and Bayard) on April 13, where he was X-rayed and diagnosed with a "distal radius fracture," but not prescribed anything for pain. *Id*. Attach. 3.

Plaintiff states that his pain continued and that six days later, on April 19th, he received a "no work" pass and was sent to the main SCDC medical facility at Kirkland Correctional Institution where his wrist was X-rayed and put in a splint, and he was then sent back to Perry without further medical care for five more days, again allegedly without pain medication that worked. *Id*. at 3. Records show that Plaintiff went back to Drs. Close and Bayard on April 26 and was given a fiberglass cast for his wrist. *Id*. Attach. 3. Apparently the cast relieved the alleged continuing pain because Plaintiff makes no more allegations of wrongdoing against anyone after April 26, 2010. Although Plaintiff does not

name each Defendant individually in his Complaint, he states that "the other Defendants named in this action knew of the wrongs and ratified and aided in the cover up on this act." *Id.* at 4.

## INITIAL REVIEW

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to one Defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Complaint is subject to partial summary dismissal as to Defendant Steven M. Pruitt, an attorney in private practice, because, following a careful review of the Complaint, there are absolutely no allegations of wrongdoing in the Complaint against this Defendant, nor may such allegations be inferred from Plaintiff's statement about all Defendants knowing about his injury and medical problems. Nothing in the attached

3

records includes this person's name, there are no allegations that he works at SCDC headquarters or Perry Correctional Institution, there are no allegations about an "outside" attorney being involved in Plaintiff's care and treatment, and there is simply nothing from which an inference of Pruitt's involvement in Plaintiff's injury and subsequent treatment may be drawn. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no specific or inferred allegations of wrongdoing or involvement by Mr. Pruitt in the subject matter of this lawsuit, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 n. 2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim). In absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Furthermore, even if it were possible to infer Mr. Pruitt's involvement in the circumstances surrounding Plaintiff's wrist injury and its subsequent treatment, the Complaint seeking damages under § 1983 would still be subject to partial summary

4

dismissal because there is nothing more than Plaintiff's legal conclusions to support a finding that Pruitt acted under color of state law in his involvement with Plaintiff's medical care. In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). While it is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Although Plaintiff broadly states that "[e]ach and all of the acts and/or omissions *of the SCDC* alleged herein were done under the color pretense of the statues, regulations, customs, constitution policies, common law and usages of state of South Carolina (Compl. 4)(emphasis added), this conclusory statement is not sufficient to impart "state actor" status on Defendant Pruitt. Insofar as this court is aware, Mr. Pruitt is a private attorney and not part "of the SCDC. The mere fact that he might represent SCDC and/or its employees or officials in connection with certain legal matters does not transform him from a private individual into a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Raines v. Indianapolis Pub. Schools*, 52 F. App'x 828, 830 (7th Cir. 2002)(lawyer representing school board in contract matters is not a state actor). As a result, Plaintiff's Complaint fails to state a viable § 1983 claim against Defendant Pruitt, and, in absence of any other evident basis for the exercise of this court's jurisdiction over Plaintiff's allegations, is subject to partial summary dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case against Defendant Steven Pruitt *without prejudice*. The Complaint should be served on the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

Kevin F. McDonald
United States Magistrate Judge

August 8, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).