UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Junior Hines, #240466, )<br>          )<br>          Plaintiff, )<br>          )<br>v.       )<br>          )<br>Chad Robinson; Adetero Sobowale; )<br>Amy Enloe; Terri Comp; Dave Tatarsky; )<br>Michael Laubshire; Robert Ward; )<br>Warden Michael McCall; Timothy P. )<br>Close, MD; W.J. Bayard, MD; and )<br>John Doe, Kirkland Medical Inst., )<br>          )<br>          Defendants. )<br>_____ ) | C/A No.: 6:12-cv-1834-GRA-KFM<br><br>**ORDER**<br>(Written Opinion) |

Plaintiff Willie Junior Hines ("Plaintiff"), an inmate with the South Carolina Department of Corrections ("SCDC") proceeding *pro se*, filed this action on June 28, 2012,[1] pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, this case was referred to United States Magistrate Judge Kevin F. McDonald for all pretrial proceedings. This matter now comes before the Court for review of Magistrate Judge McDonald's Report and Recommendation regarding Plaintiff's and Defendants' Motions for Summary Judgment. Magistrate Judge McDonald recommends that this Court grant Defendants' Motions for Summary Judgment (ECF Nos. 50 & 68) and that Plaintiff's Motions for Summary Judgment (ECF Nos. 76 & 83) be denied. Plaintiff timely filed objections to the Report and Recommendation on February 26, 2012. ECF No. 97. After reviewing the record, the relevant law, and the

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Report and Recommendation, the Court agrees with and adopts the Report and Recommendation in its entirety.

### **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Both Plaintiff and Defendants have filed Motions for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce

"specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed objections to the Report and Recommendation on February 26, 2012. Having reviewed Plaintiff's objections, the Court finds that many of the objections are unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation or merely restate his claims. However, the Court will address those objections that the Court finds to be specific.

**I.      Personal Allegations and Supervisory Liability**

Plaintiff first objects to Magistrate Judge McDonald's finding that the allegations in his complaint against Defendants Enloe, Camp, Tatarsky, Laubshire,

Ward, McCall, Close, Bayard, and Doe are insufficient to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The United States Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff is not required to plead facts that prove his case as an evidentiary matter, but he must "allege facts that support a claim for relief." *Bass v. E.I. DuPont de NeMours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Here, the Court agrees that Plaintiff has not complied with Rule 8 with respect to the above Defendants. The general allegation that they "knew of the wrongs and ratified and aided in the cover-up" is insufficient to give Defendants fair notice of the claims against them.

Nevertheless, under the liberal construction standard for *pro se* litigants, the Magistrate Judge went on to construe Plaintiff's claims against Defendants Tatarksy, McCall, and Ward as claims against them based on their status as supervisory officials for SCDC. However, the Magistrate Judge found that Plaintiff had failed to make the required showing for liability on the part of non-medical supervisory officials for a denial of medical care. Plaintiff now objects to that finding.

To hold a supervisor liable for a constitutional injury inflicted by a subordinate, a plaintiff must show: (1) the supervisor had actual or constructive knowledge that a

subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The Court finds that Plaintiff has not made the required showing against Defendants. While Plaintiff's objections state that "defendants received documents showing what actions had taken place but failed to take steps to provide a remedy, created a policy or custom that allowed the actions to occur and acted with gross negligence in managing subordinate," this statement of legal conclusions does not evince sufficient facts to preclude summary judgment. Moreover, the Court finds that the record in fact shows that Plaintiff's wrist injury was handled promptly and adequately by SCDC officials and without any deliberate indifference.

Accordingly, Plaintiff's objections are without merit and are overruled.

## II.     Deliberate Indifference to Serious Medical Needs

Plaintiff next objects to the Magistrate Judge's finding that his Eighth Amendment claim against Defendants for purposeful indifference to his serious medical needs fails as a matter of law.

Claims that prison officials failed to provide adequate medical care sound in the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To demonstrate a violation of his Eighth Amendment rights, Plaintiff must prove that prison officials showed "deliberate indifference to [his] serious medical needs." *Id.* at 104. A prison

official exhibits "deliberate indifference" when he or she "knows of and disregards" the risk posed by the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, "an inadvertent failure to provide adequate medical care" does not satisfy this standard, and thus mere negligence in diagnosis or treatment is insufficient to state a constitutional claim. *Estelle*, 429 U.S. at 105–06.

Having reviewed the record, the Court finds Plaintiff's objection to be without merit. In his objection, Plaintiff mostly restates his complaint and believes that deliberate indifference is shown by the amount of time it took Defendants to x-ray his wrist and realize that it was fractured rather than sprained. However, the record clearly shows that from the April 8, 2010 when Plaintiff injured his wrist, SCDC officials adequately attended to his medical needs. In fact, as soon as SCDC received Dr. Close's x-ray report on April 19, 2010, and became aware that Plaintiff's wrist was fractured, they began treating him for a fracture. *See* ECF No. 1-3. The misdiagnosis of Plaintiff's injury as a sprain and the small amount of time it took to properly diagnose his wrist as fractured was at most inadvertent, and the record does not reflect any deliberate indifference on the part of any of the Defendants.

### III.    Medical Malpractice

Plaintiff next objects to the Magistrate Judge's finding that any medical malpractice claim that Plaintiff asserts against Drs. Close and Bayard is not actionable under § 1983. In his objection, Plaintiff seems to misinterpret the Magistrate Judge's findings. Plaintiff argues that prison doctors can be held liable under § 1983 by showing deliberate indifference in their response to a prisoner's needs. *See Estelle*, 429 U.S. at 104. While this is undoubtedly true, the Magistrate

Judge found in the prior section of the Report and Recommendation that Defendants Drs. Close and Bayard did not exhibit deliberate indifference in treating Plaintiff, and this Court agrees with that assessment. *See* ECF No. 94. Magistrate Judge McDonald simply explains in the section titled "Medical Malpractice" that to the extent Plaintiff attempts to bring a cause of action for mere negligence on the part of Drs. Close and Bayard in diagnosing or treating him, such a claim "does not state a valid claim of medical mistreatment under the Eighth Amendment," and thus is not actionable in a § 1983 claim as a constitutional violation. *Estelle*, 429 U.S. at 106.

As such, Plaintiff's objection is without merit and is overruled.

### IV.  Immunity

Finally, Plaintiff objects to the finding that the SCDC Defendants are entitled to qualified immunity from monetary damages. Magistrate Judge McDonald found that to the extent that Plaintiff sued the SCDC Defendants in their official capacities, they are entitled to sovereign immunity as arms of the state under the Eleventh Amendment. ECF No. 94. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). However, Plaintiff asserts that he sued these Defendants in their individual capacities. Nevertheless, as the Magistrate Judge stated, because Defendants have not violated any of Plaintiff's "clearly established statutory or constitutional rights of which a reasonable person would have known," they are entitled to qualified immunity from civil damages in a suit against them in their individual capacities. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, the objection is overruled.

## Conclusion

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motions for Summary Judgment (ECF Nos. 50 & 68) are GRANTED, and Plaintiff's Motions for Summary Judgment (ECF Nos. 76 & 83) are DENIED.  Plaintiff's claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  12 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.